UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MICHAEL GUERRERO, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-17-239 |
| | § | |
| BANK OF AMERICA N.A., MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. ("MERS"), | § § § | |
| | § | |
| *Defendants*. | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Bank of America, N.A.'s ("BANA") motion to dismiss a suit filed by plaintiff Michael Guerrero (Dkt. 1-1, Ex. A).[1] Dkt 6. The court granted Guerrero's motion for extension of time to respond to BANA's motion to dismiss. Dkt. 11. As of the date of this order, Guerrero has not responded to BANA's motion. Having considered the motion, related filings, and the applicable law, the court is of the opinion that BANA's motion to dismiss (Dkt. 6) should be GRANTED.

**I. BACKGROUND**

This is a foreclosure case. Guerrero filed this lawsuit to preclude BANA and Mortgage Electronic Registration Systems, Inc. ("MERS") from foreclosing on his property located at 8702 Sailing Drive, Humble, Texas 77346 (the "Property"). Dkt. 1-1, Ex. A at 7. Guerrero claims that BANA failed to review a pending loan modification application and wrongfully sent Guerrero a notice of foreclosure. *Id.* at 7–15.

---

[1] Guerrero filed all of the state court documents within Dkt. 1, Exhibit A. Throughout this opinion, the court will refer to Dkt. 1, Exhibit A and its relevant page numbers.

In April 2005, Guerrero purchased the Property and obtained a mortgage loan from Country Wide Mortgage in the amount of $128,023.00, secured by a Deed of Trust. Dkt. 1-1, Ex. A at 7–8. In September 2008, Country Wide Mortgage assigned Guerrero's loan to BANA through MERS, and recorded an Assignment of Deed of Trust. *Id.* In 2010, Guerrero suffered a financial hardship, missed mortgage payments, and contacted BANA to resolve his delinquent mortgage loan. *Id.* Guerrero alleged that he applied to BANA for a loan modification several times and was denied without explanation. *Id.* at 8–9. At some unspecified time, Guerrero made a lump sum payment of "over $8,000 to reinstate the loan," while continuing to seek a loan modification. *Id.* at 9.

In mid-2014, Guerrero contacted BANA to resolve his delinquent loan and to re-apply for another loan modification. *Id.* Between mid-2014 and November 2016, Guerrero sent at least three loan modification applications to BANA. *Id.* On November 21, 2016, Guerrero received a letter from BANA stating that his application was under review. *Id.* at 36. Following this correspondence, on November 30, 2016, BANA sent Guerrero a notice of foreclosure. *Id.* at 39. The foreclosure was set for January 3, 2017. *Id.* Guerrero argues that BANA wrongfully sent him a notice of foreclosure, because he never received a notice of default or had an opportunity to cure the default. *Id.* at 10.

On January 2, 2017, Guerrero filed suit against BANA and MERS in the 11th Judicial District Court for Harris County, Texas. Dkt. 1 at 1. Upon removal to federal court based on diversity jurisdiction and federal question, BANA filed this motion to dismiss under Rule 12(b)(6) for failure to state a claim. Fed. R. Civ. P. 12(b)(6); Dkt. 6. On February 22, 2017, Guerrero filed a motion for extension of time to respond to BANA's motion to dismiss (Dkt. 11) and the motion was granted. Dkt. 13. Guerrero's deadline to respond was March 8, 2017. *Id.* As of the date of this order, Guerrero has not responded to BANA's motion to dismiss.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 8(a)(2) requires only that the pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. As part of the *Twombly-Iqbal* analysis, the court proceeds in two steps. First, the court separates legal conclusions from well-pled facts. *Iqbal*, 556 U.S. at 678–79. Second, the court reviews the well-pled factual allegations, assumes they are true, and then determines whether they "plausibly give rise to an entitlement of relief." *Id.* at 679.

When considering a motion to dismiss for failure to state a claim, "a district court must limit itself to the contents of the pleadings, including attachments thereto." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Here, the court will consider Guerrero's complaint and his attached exhibits. Dkt. 1-1, Ex. A.

## III. ANALYSIS

Guerrero brings the following claims against BANA: common law fraud, breach of contract, violations of Regulation X of the Code of Federal Regulations and the Real Estate Settlement

Procedures Act ("RESPA"), and violations of the Texas Debt Collection Act. 12. C.F.R. § 1024; Tex. Prop. Code § 51.002; Tex. Fin. Code § 392.001; Dkt. 1-1, Ex. A. BANA moves to dismiss all of Guerrero's claims for failure to state a cognizable claim for relief. Dkt 6. Additionally, BANA argues Guerrero has not stated any claims or specific allegations against MERS and moves to dismiss MERS as a defendant. *Id.* The court will address each of these claims in turn.

*A. Common Law Fraud*

Guerrero argues that BANA's actions constitute common law fraud and misrepresentation of material facts which he "relied upon to [his] detriment." Dkt. 1-1, Ex. A, at 11–12. Guerrero alleges that BANA agreed on "numerous occasions during 2010–2016" to consider Guerrero for a loan modification. *Id.* Guerrero claims that after BANA failed to respond to his requests, BANA proceeded to post his property for foreclosure. *Id.* BANA, however, argues that Guerrero's fraud claim should be dismissed because he makes general allegations and fails to meet the heightened pleading requirements of Federal Rule of Civil Procedure 9(b). Fed. R. Civ. P. 9(b); Dkt. 6 at 11. Furthermore, BANA argues the claim is barred by the economic loss doctrine. *Id.* at 10.

Under Texas law, to recover for a claim of common law fraud, a plaintiff must prove: (1) that a material representation was made; (2) that it was false; (3) that the speaker knew it was false when made or that the speaker made it recklessly without any knowledge of the truth; (4) that the speaker made it with the intention that it be acted upon by the other party; (5) that the party acted in reliance upon it; and (6) the party was injured as a result of the reliance. *T.O. Stanley Boot Co. v. Bank of El Paso*, 847 S.W.2d 218, 222 (Tex. 1992). State law claims must be pled with particularity and are "subject to the heightened pleading requirements of FRCP Rule 9(b)." *Sullivan v. Leor Energy, LLC*, 600 F.3d 542, 550–51 (5th Cir. 2010). A plaintiff must specify the fraudulent statements,

"identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent." *Id.* at 551.

Texas courts have also recognized the economic loss doctrine and the general rule that precludes recovery under tort law when the plaintiff's economic loss is based on contract law alone. *Arlington Home, Inc. v. Peak Envtl. Consultants, Inc.*, 361 S.W.3d 773, 779 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). The nature of the injury determines which duty has been breached. *Sw. Bell Tel. Co. v. Delanney*, 809 S.W.2d 493, 495 (Tex. 1991). "When the injury is only the economic loss to the subject of a contract itself, the action sounds in contract alone." *Id.*

Guerrero makes general allegations that BANA falsely represented material facts. Specifically, the complaint does not allege whether BANA knew the statements made were false or were made without knowledge of the truth. The court finds that Guerrero's bare-bone allegations do not meet the specificity required under Rule 9(b). *See Sullivan*, 600 F.3d at 551 ("identify the speaker, state when and where the statements were made, and explain why the statements were fraudulent"). Additionally, Texas courts preclude recovery in tort when the subject matter is contractual and the nature of the injury arises from a contractual duty. *Arlington*, 360 S.W.3d at 779. Guerrero's claim is contractual in nature and does not arise from a tort duty. The court finds that Guerrero's complaint does not meet the heightened pleading requirements of Rule 9(b) and his claim is also barred by the economic loss doctrine. Therefore, BANA's motion to dismiss Guerrero's common law fraud claim is GRANTED.

*B. Breach of Contract*

Guerrero alleges that BANA's actions constitute a material breach of the Deed of Trust because Guerrero made "numerous payments" on his mortgage and BANA failed to provide Guerrero with a notice of default and an opportunity to cure as required by the Texas Property Code.

Dkt. 1-1, Ex. A at 12–13. Section 51.002 of the Texas Property Code "governs the sale of real property under deeds of trust or other contract liens." *Lyons v. America's Wholesale Lender*, No. 3:13-cv-2608-B, 2014 U.S. Dist. LEXIS 152475, at *12 (N.D. Tex. Oct. 28, 2014). Section 51.002(d) states that "[n]otwithstanding any agreement to the contrary, the mortgage servicer . . . shall serve a debtor in default . . . with written notice by certified mail stating that the debtor is in default . . . and giving the debtor at least 20 days to cure the default before notice of the sale can be given." Tex. Prop. Code § 51.002(d).

BANA argues that Guerrero is not entitled to recover for a breach of contract claim because he did not fulfill his contractual obligations by remaining current on his monthly payments. Dkt. 6 at 12-13. Further, BANA argues that it provided Guerrero timely notice of default in accordance with section 51.002 of the Texas Property Code. Tex. Prop. Code § 51.002(d)*;* Dkt. 6 at 13. For a motion to dismiss, the court accepts all well-pled facts contained in Guerrero's complaint as true, despite arguments or exhibits disputing those facts offered in BANA's motion to dismiss. *Twombly*, 550 U.S. at 555; *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).

To state a claim for breach of contract under Texas law, a plaintiff must allege: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach by the defendant; and (4) damages resulting from the breach. *Lewis v. Bank of America, N.A.*, 343 F.3d 540, 544–45 (5th Cir. 2003). However, Texas law also recognizes that a party to a contract who is himself in default cannot maintain a suit for its breach. *Dobbins v. Redden*, 785 S.W.2d 377, 378 (Tex. 1990). In his complaint, Guerrero concedes he was delinquent on his loan and stopped making payments in 2014. Dkt. 1-1, Ex. A at 9 (alleging that "[p]laintiff once again contacted Defendant Bank of America to discuss ways to resolve the delinquency of his mortgage loan").

The court agrees with BANA that Guerrero did not fulfill his contractual obligations because Guerrero conceded that he was trying to resolve his delinquency. *Id.* Because Guerrero defaulted on his loan, the court finds that he cannot bring a breach of contract claim against BANA. *See Dobbins*, 785 S.W.2d at 378. Accordingly, BANA's motion to dismiss Guerrero's breach of contract claim is GRANTED.

*C. Violation of RESPA and Regulation X of the C.F.R.*

Guerrero alleges he submitted a complete loss mitigation application to BANA in November 2016 that is still pending. Dkt. 1-1, Ex. A at 14. According to Guerrero, BANA cannot file a notice of foreclosure while the application remains pending because that action would violate Regulation X, 12 C.F.R. § 1024(f)(2)(i). *Id.* Section 1024 of the Code of Federal Regulations implements the Real Estate Settlement Procedures Act of 1974 ("RESPA"), and section 1024.41 provides instructions on loss mitigation procedures. 12 C.F.R. § 1024.41. RESPA provides a mortgagor protection by imposing certain obligations on loan servicing companies. *Williams v. Countrywide Home Loans, Inc.*, 504 F. Supp. 2d 176, 191 (S.D. Tex. 2007). RESPA requires a servicer, upon receiving a complete loss mitigation application, to notify the borrower that the borrower is not eligible for a loss mitigation option before proceeding to foreclosure. 12 C.F.R. § 1024.41(f)(2)(i).

BANA argues that the claim should be dismissed because section 1024.41 only applies in cases where a complete mitigation application is received more than thirty-seven days before a foreclosure sale. Dkt. 6 at 14–15; *see* 12. C.F.R § 1024.41. BANA asserts that Guerrero's application, however, was incomplete. Dkt. 6 at 14–15. BANA states that on November 25, 2016, it sent Guerrero a letter stating that his application was incomplete and that Guerrero needed to submit additional information. *Id.* BANA argues that because Guerrero did not submit a complete application, he is not entitled to damages under section 2605(f) of RESPA. *Id.* at 10.

In addition to Guerrero's incomplete application, BANA argues that Guerrero's claim under section 1024.41 is premature since no foreclosure sale has occurred. *Id.* at 9. In this case, Guerrero's complaint does not state whether foreclosure actually occurred. However, the temporary restraining order granted by the state court suggests that no foreclosure sale occurred at the time this suit was filed. Dkt. 1-1, Ex. A at 43; *see Mahmood v. Bank of America, N.A.*, No. 3:11-cv-3054-M-BK, 2012 WL 527902, at *4 (N.D. Tex. Jan. 18, 2012) (holding that plaintiff's claim under the Texas Property Code should be dismissed because no foreclosure had occurred); *see, e.g.*, *Wenegieme v. Bayview Loan Servicing*, No. 14 Civ. 9137(RWS), 2015 WL 2151822, at *2 (S.D.N.Y. May 7, 2015) (finding plaintiffs' claim was not ripe because foreclosure proceedings were still pending and plaintiffs did not lose their home). Without ruling on the ripeness claim, the court still finds that Guerrero has not pled enough facts for a claim under section 1024.41.

Under a Rule 12(b)(6) motion, the "plaintiff's complaint is to be construed in a light most favorable to the plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Sec., Inc.*, 94 F.3d 189, 194 (5th Cir. 1996) (citing *Mitchell v. McBryde*, 944 F.2d 229, 230 (5th Cir. 1991)). To survive a motion to dismiss, a plaintiff's complaint requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932 (1986)).

The court finds that Guerrero did not include any factual basis for his claim other than a conclusory statement that BANA violated Regulation X of the C.F.R. *See* 12 C.F.R. 1024.41. Specifically, Guerrero merely alleges that he sent a complete application that remains pending and that this violates the statute, but this alone is not enough to satisfy the plaintiff's pleading standard. *See* Fed. R. Civ. P. 8(a); *see also Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555.

In another factually-similar case, where a homeowner contested a bank's ability to foreclose while a loan modification application was pending, the plaintiff survived a motion to dismiss because he had pled relevant dates on which he submitted a complete application. *Obazee v. Bank of N.Y. Mellon*, No. 3:15-cv-1082-D, 2015 WL 4602971, at *3 (N.D. Tex. July 31, 2015). The *Obazee* plaintiff argued that he did not receive any notice or communication from the bank in regards to his loan modification, but the bank posted his home for foreclosure anyway. *Id*. The *Obazee* court found that the allegations, taken as true, were sufficiently pled and survived a motion to dismiss. *Id*.; *see Bryant v. Bank of America, N.A.*, No. 3:15-cv-3818-B, 2016 WL 3523775, at *4 (N.D. Tex. June 27, 2016) (surviving a motion to dismiss because plaintiff alleged that he submitted a completed loan application with relevant dates and the bank never responded).

The facts in *Bray v. Green Tree Servicing, LLC* are also distinguishable from the instant case. In a motion for summary judgment, the defendant, a mortgage servicing company, argued that in the absence of a complete application, it did not have a duty to timely respond to the plaintiff's request for a loan modification. *Bray v. Green Tree Servicing, LLC*, No. 3:15-cv-1355-D, 2016 U.S. Dist. LEXIS 130940, at *8 (N.D. Tex. Sept. 26, 2016). However, the *Bray* plaintiff alleged in his complaint that he sent a complete application with the additional information that the defendant requested. *Id.* The court held that alleging specific facts was enough to survive a motion for summary judgment. *Id.*

Contrary to the plaintiffs' complaints in *Bray* and *Obazee*, Guerrero's complaint does nothing more than provide a formulaic recitation of the elements of a cause of action. In *Bray* and *Obazee*, the plaintiffs provided a factual basis for their claims and allowed the court to draw a reasonable inference that the defendants were liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678; *Bray*, 2016 U.S. Dist. LEXIS 130940 at *8; *Obazee*, 2015 WL 4602971 at *3. The court finds

that without some factual allegations on when Guerrero submitted a complete loss mitigation application, Guerrero's claim does not rise beyond a speculative level. The court agrees with BANA that this claim is insufficient to meet the pleading standard necessary to allege a violation of Regulation X of the C.F.R. *See* Fed. R. Civ. P. 8(a). Therefore, BANA's motion to dismiss Guerrero's claim for violation of Regulation X of the C.F.R. is GRANTED.

*D. Violation of the Texas Debt Collection Practices Act*

In his complaint, Guerrero alleges that BANA violated the Texas Debt Collection Practices Act ("TDCPA") by accelerating the debt and posting Guerrero's property for foreclosure. Dkt. 1-1, Ex. A at 14–15. Guerrero argues that BANA did not provide him with a notice of default and opportunity to cure. *Id.* He also states that BANA's actions constitute a knowing "misrepresentation of character, amount or extent of the debt to be collected, and . . . false representations of material fact." *Id.* at 15. In response, BANA makes three arguments: (1) BANA is not a debt collector as defined in the TDCPA; (2) Guerrero fails to allege any facts that would establish a causal link between a violation of the TDCPA and any alleged injury; and (3) Guerrero fails to state a cognizable claim for relief. Dkt. 6 at 15–17.

The TDCPA is a state law that allows a consumer to sue for "threats, coercion, harassment, abuse, unconscionable collection methods, or misrepresentations made in connection with the collection of a debt." *Dominguez v. Ben. Fin. I, Inc.*, No. B:14-67, 2015 U.S. Dist. LEXIS 184166, at *10 (S.D. Tex. Feb. 4, 2015) (Morgan, J.). Under the Act, a "debt collector" is a "person who directly or indirectly engages in debt collection and includes a person who sells or offers to sell forms represented to be a collection system, device, or scheme intended to be used to collect consumer debts." Tex. Fin. Code § 392.001(6). Further, a "debt collection" is an "action, conduct, or practice, in collecting, or in soliciting for collection, consumer debts that are due or alleged to be

due a creditor." *Id*. § 392.001(5). BANA argues that BANA is not a collector subject to the Act because the Assignment established BANA as a mortgagee, and BANA was collecting on a debt that it was rightfully due. Dkt. 6 at 15–16.

The court notes that BANA may be considered a "debt collector" and that an "act of foreclosure is 'debt collection' for purposes of the TDCPA." *See Sias v. Wells Fargo Bank*, No. EP-12-cv-417-PRM, 2013 WL 8476169, at *6 (W.D. Tex. July 1, 2013) (holding that Wells Fargo is a "debt collector" for the purposes of the TDCPA); *see also Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) (distinguishing the definition of a "debt collector" under the TDCPA from the more restrictive definition under the Federal Debt Collection Practices Act (FDCPA)).

Although the Texas Supreme Court has not conclusively addressed the issue, federal courts in Texas have ruled that a foreclosure may be considered debt collection activity. *Watson v. Citimortgage, Inc.*, 814 F. Supp. 2d 726, 734–35 (E.D. Tex. 2011) (holding that a foreclosure is considered "debt collection" under the TDCPA); *Gatling v. CitiMortgage, Inc.*, No. H-11-2879, 2012 WL 3756581, at *9 (S.D. Tex. Aug. 28, 2012) (Rosenthal, J.) (finding CitiMortgage to be a "debt collector" under the TDCPA's broader definition); *Akintunji v. Chase Home Fin., L.L.C.*, No. H-11-389, 2011 U.S. Dist. LEXIS 65050, at *9 (S.D. Tex. June 20, 2011) (Rosenthal, J.) ("Unlike the FDCPA, the TDCPA encompasses foreclosure activities by mortgage holders."). The definition of a "debt collector" may include anyone who engages in debt collection, whether directly or indirectly, and this also encompasses creditors collecting their own debts. *Auriti v. Wells Fargo Bank, N.A.,* No. 3:12-cv-334, 2013 WL 2417832, at *7 (S.D. Tex. June 3, 2013) (Costa, J.) ("TDC[P]A's general definition of 'debt collector' is more expansive . . . and may include mortgage holders and servicers."). BANA is attempting to collect on the mortgage loan and to foreclose on Guerrero's Property. Therefore, the TDCPA applies to BANA for its foreclosure activity.

11

The court, however, finds that Guerrero fails to state a plausible claim under the TDCPA. Guerrero alleges that (1) BANA did not send him a notice of default or provide an opportunity to cure, and (2) that BANA's actions constitute false representations of material fact. Dkt. 1-1, Ex. A at 14–15. These statements are little more than conclusory allegations. Guerrero does not allege why BANA's statements were false or why BANA's actions were misrepresentations of material fact. Tex. Fin. Code § 392.304. BANA's failure to respond to Guerrero's attempt to obtain a loan modification is not grounds for relief under the TDCPA. *Bassie v. Bank of America, N.A.*, No. 4:12-cv-00891, 2012 WL 6530482, at *13-14 (S.D. Tex. Dec. 13, 2012) (Hoyt, J.) (holding that TDCPA claims do not include a lender's failure to respond to borrower's attempt to obtain a loan modification). The court finds that Guerrero's allegation that BANA failed to respond to his application falls short of a plausible claim for relief. Accordingly, BANA's motion to dismiss the TDCPA claim is GRANTED.

*E. Guerrero's Claim Against MERS*

BANA argues that Guerrero names MERS as a defendant but does not assert any claims against MERS. Dkt. 1-1, Ex. A at 9. BANA notes that Counts 1–5 in the complaint only relate to BANA's actions. Dkt. 6 at 9–10. Guerrero's only allegation against MERS is that MERS "executed the Assignment 'without ever providing any written notice to [Guerrero].'" Dkt. 1-1, Ex. A at 8.

The court has reviewed the complaint and finds that Guerrero has not asserted any claims against MERS. Merely executing an assignment does not raise an actionable claim. Therefore, BANA's motion to dismiss MERS as a defendant is GRANTED.

*F. Temporary Restraining Order*

In his original state court petition, Guerrero moved for a temporary restraining order and temporary injunction. *Id.* at 10. On January 3, 2017, the 11th Judicial District Court of Harris

County granted the temporary restraining order, prohibiting BANA from proceeding with a foreclosure sale of Guerrero's home. *Id.* at 43. The order enjoined and restrained BANA for a period of fourteen days, or until a further court order. *Id.* Because the state court has already granted a temporary restraining order, and no new motion for a temporary injunction was filed in federal court, this claim is DENIED AS MOOT.

### IV. CONCLUSION

Accordingly, BANA's motion to dismiss (Dkt. 6) is GRANTED. MERS is DISMISSED as a defendant. Guerrero's motion for a temporary injunction is DENIED AS MOOT. Guerrero's claims are DISMISSED WITHOUT PREJUDICE.

It is so ORDERED.

Signed at Houston, Texas on July 6, 2017.

_____
Gray H. Miller
United States District Judge